IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>EDUARDO ALDABA-MONTANEZ,<br><br>　　　　　Defendant. | 4:21-CR-3146<br><br>TENTATIVE FINDINGS |

　　　　The Court has received the presentence investigation report in this case. The defendant has moved for a downward variance (filing 56) and objected to the presentence report (filing 58).

　　　　IT IS ORDERED:

1.　　The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

　　　(a)　　give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

　　　(b)　　resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

(c) impose upon the United States the burden of proof on all Guidelines enhancements;

(d) impose upon the defendant the burden of proof on all Guidelines mitigators;

(e) depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

(f) in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. The defendant has filed a motion for downward variance (filing 56) based on his personal circumstances, the circumstances of the offense, and the Court's decision in *United States v. Havel*, No. 4:21-CR-3075, 2023 WL 1930686 (D. Neb. Feb. 10, 2023). *See* filing 57. The Court will resolve that motion at sentencing.

The defendant has also objected to the presentence report in two respects. First, he objects to the base offense level being premised on 46 grams of methamphetamine (actual), rather than 49.5 grams of methamphetamine mixture. Filing 58. The basis for the objection isn't clear—the defendant doesn't seem to take issue with the laboratory testing that found 46 grams of actual methamphetamine (or, in other words, that the 49.5 grams of mixture was about 93 percent pure). And the Guidelines are quite clear about what to do in that situation for sentencing purposes:

> The terms "PCP (actual)", "Amphetamine (actual)", and "Methamphetamine (actual)" refer to the weight of the controlled substance, itself, contained in the mixture or substance. For example, a mixture weighing 10 grams containing PCP at 50% purity contains 5 grams of PCP (actual). In the case of a mixture or substance containing PCP, amphetamine, or methamphetamine, use the offense level determined by the entire weight of the mixture or substance, or the offense level determined by the weight of the PCP (actual), amphetamine (actual), or methamphetamine (actual), whichever is greater.

U.S.S.G. § 2D1.1(c) cmt. n.(B). And that's what the presentence report does. The defendant instead "asserts that the rule used creates an unreasonable result and ultimately provides for a sentence that is greater than necessary." Filing 58 at 1. Well, the Court doesn't disagree—but as the Court clearly explained in *Havel*,

> that's a separate matter. Variance is a question for the Court, but the probation officer's obligation in completing the presentence report is to calculate the guidelines range as the guidelines are written, and here the guidelines themselves clearly provide that methamphetamine (actual) should be used to determine the base offense level where the evidence establishes that methamphetamine (actual) was part of the offense conduct or relevant conduct. *See* § 2D1.1 cmt. n.5.

2023 WL 1930686, at *2 n.2. Because it appears to the Court that the guidelines were correctly applied in this case, the Court's tentative conclusion is that the defendant's objection is without merit. Any disagreement with the Guidelines themselves is taken up as a variance, not an objection to the presentence report.

Finally, the defendant objects to the two-level adjustment to the offense level pursuant to § 2D1.1(b)(1) for possession of a dangerous weapon. Filing 58 at 1. As relevant, a "dangerous weapon" is "an instrument capable of inflicting death or serious bodily injury" or "an object that is not an instrument capable of inflicting death or serious bodily injury but closely resembles such an instrument." U.S.S.G. § 1B1.1 cmt. n.1(E). The presentence report assessed this adjustment based on the brass knuckles and BB gun found in the defendant's residence.

The defendant "makes an assertion that [the BB gun] is not a dangerous weapon." Filing 58 at 1. The defendant can assert what he likes, but the Sentencing Guidelines assert otherwise: "A weapon, commonly known as a 'BB' or pellet gun, that uses air or carbon dioxide pressure to expel a projectile is a dangerous weapon but not a firearm." § 1B1.1 cmt. n.1(H). And unlike the defendant's assertion, the Guidelines' assertion is binding. *See* United States v. Smith, 282 F.3d 1045, 1047 (8th Cir. 2002); *see also* United States v. Gray, 895 F.2d 1225, 1226 (8th Cir. 1990).

The defendant also "asserts that there is a question about who possessed the BB gun," because the weapon was attributed to the defendant by his co-habitant. Filing 58 at 1. But the weapon was found in his home, where the drugs were also found, and this enhancement "should be applied if the weapon was present, unless it is clearly improbable that the weapon

was connected with the offense." § 2D1.1 cmt. n.11(A). Thus, the government must show that (1) the gun was possessed and (2) it was not clearly improbable that the weapon was connected to the drug offense. *United States v. Maxwell*, 61 F.4th 549 (8th Cir. 2023). If necessary, then, the Court will resolve that issue on the evidence at sentencing.

But it may not be necessary, because the defendant's objection has another problem: While he takes issue with the BB gun, he doesn't object to the brass knuckles. *See* filing 58. And brass knuckles are dangerous weapons within the meaning of § 1B1.1. *United States v. Guel*, 184 F.3d 918, 923 (8th Cir. 1999). Because the unobjected-to brass knuckles are sufficient by themselves to support a two-level adjustment pursuant to § 2D1.1(b)(1), the Court's tentative finding is that the defendant's objection to that adjustment lacks merit.

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5.     Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6.     Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 16th day of March, 2023.

                                    BY THE COURT:

                                    *John M. Gerrard*
                                    John M. Gerrard
                                    Senior United States District Judge